IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Orlando Brown, ) | C/A No. 3:12-3062-MBS-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Richland County Sheriff's Department, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Orlando Brown ("Brown"), a self-represented litigant, filed this civil rights action against the Richland County Sheriff's Department.[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Brown's motion for judgment on the pleadings and the defendant's motion for summary judgment. (ECF Nos. 17 & 54.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Brown of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion.  (ECF No. 55.)  Brown responded and filed a cross-motion for summary judgment (ECF No. 58), which he appears to have supplemented. (ECF Nos. 60, 61.)  The defendant responded to Brown's motion (ECF No. 64), and Brown replied. (ECF No. 65.)  Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted and Brown's motions should be denied.

### BACKGROUND

Liberally construed, Brown's Amended Complaint appears to allege that the defendant denied his purported right under the Fourteenth Amendment "to gain justice as a victim." (ECF No.

---

[1] The defendant removed this action from the Richland County Court of Common Pleas.



30 at 3.) Specifically, Brown argues that the defendant violated his rights when Investigator Tanner requested Brown take a polygraph test after filing an incident report. Brown further alleges that he has post-traumatic stress disorder and states that Tanner's actions violated his rights under the Americans with Disabilities Act ("ADA"). Brown alleges that the defendant's actions caused Brown to suffer emotional distress, pain, and suffering, for which he seeks monetary damages.

## DISCUSSION

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere



allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Brown's Claims**

As an initial matter, and as pointed out by the defendant, the allegations in Brown's Amended Complaint are similar, if not identical, to Brown's allegations in Civil Action No. 3:12-221-MBS, which was summarily dismissed without prejudice on September 27, 2012. (C/A No. 3:12-221-MBS, ECF No. 102.) The defendant argues here that Brown's Amended Complaint, while purporting to assert federal causes of action, fails to state a claim. The court agrees.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To trigger the protection of the Due Process Clause, an individual must show (1) the existence of a protected property or liberty interest and (2) that the deprivation was caused by state action. Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988) (citing Bd. of Regents of State Colleges v. Roth, 408 U.S. 564 (1972) & Daniels v. Williams, 474 U.S. 327 (1986)). "Unless there has been a 'deprivation' by 'state action,' the question of what process is required and whether any provided could be adequate in the particular factual context is irrelevant, for the constitutional right to 'due process' is simply not implicated." Id. Moreover, a private citizen does not have a judicially



cognizable interest in the prosecution or nonprosecution of another person.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).  Accordingly, Brown has failed to allege the existence of a protected property or liberty interest that would trigger the Due Process Clause.

Construing Brown's Amended Complaint as asserting a claim under Title II of the ADA or as alleging that his equal protection rights were violated, the court finds that the defendant is also entitled to summary judgment.  Although the ADA provides a cause of action for disability discrimination, Brown's Amended Complaint and subsequent pleadings fail to provide sufficient factual allegations to state a plausible claim.  See 42 U.S.C. § 12132; Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005) (holding that a plaintiff seeking recovery for violation of Title II of the ADA "must allege that (1) []he has a disability, (2) []he is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) []he was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of [his] disability").  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  However, Brown's Amended Complaint and subsequent pleadings fail to demonstrate the existence of purposeful discrimination.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (recognizing the validity of "class of one" Equal Protection claims, "where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment").  This conclusion is further supported by Brown's verified allegations in his lawsuit, alleging that in requesting Brown take a polygraph test, Tanner

stated that he believed Brown was delusional and that his story was "concocted." (C/A No. 3:12-221-MBS, ECF No. 5-1 at 3.)

Moreover, although removal of this action to federal court may waive any purported immunity under the Eleventh Amendment, see Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613 (2002), the defendant must still be a "person" subject to suit under 42 U.S.C. § 1983 and Defendant Richland County Sheriff's Department is not a "person" under § 1983.[2] Cone v. Nettles, 417 S.E.2d 523, 524 (S.C. 1992).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion for summary judgment be granted (ECF No. 54) and Brown's motions be denied (ECF Nos. 17 & 58).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 2, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] Even if the court substituted the Richland County Sheriff as the defendant in this action, the defendant would still be entitled to summary judgment as there are no personal allegations against the Sheriff and the doctrine of respondeat superior cannot support liability under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).