IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Orlando Brown, ) | |
| ) | C/A No. 3:12-3062-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Richland County Sheriff's Department, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Orlando Brown suffers from post-traumatic stress disorder. On October 4, 2012, Plaintiff, proceeding pro se, filed a complaint in the Court of Common Pleas for Richland County, South Carolina, alleging that he had been a victim of a crime in November 2011. Plaintiff alleges that he reported the crime to authorities at Defendant Richland County Sheriff's Department. According to Plaintiff, Flynn L. Tanner, an investigator with Defendant, declined to pursue Plaintiff's allegations until Plaintiff agreed to undergo a polygraph examination regarding his claims. Plaintiff declined to take a polygraph. Plaintiff asserts that the requirement of a polygraph examination violated his rights under the Fourteenth Amendment. Thus, Plaintiff brings this action pursuant to 42 U.S.C. § 1983. On October 23, 2012, Defendant removed the complaint to this court under federal question jurisdiction. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

On November 16, 2012, Plaintiff filed a motion for judgment on the pleadings. On February 11, 2013, Plaintiff filed an amended complaint to further assert a cause of action under the

Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). On May 10, 2013, Defendant filed a motion for summary judgment. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On May 16, 2013, Plaintiff filed a cross-motion for summary judgment and response to Defendant's motion. Plaintiff filed an additional response on May 21, 2013. Defendant filed a response in opposition to Plaintiff's motion for summary judgment on June 3, 2013. Plaintiff filed another response in opposition to Defendant's motion on June 10, 2013.

On July 2, 2013, the Magistrate Judge issued a Report and Recommendation in which she determined that Defendant's motion for summary judgment should be granted, and that Plaintiff's motions be denied.[1] Plaintiff filed objections to the Report and Recommendation on July 15, 2013, to which Defendant filed a reply on August 1, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

## I. FACTS

According to the Incident Report, Plaintiff went to a location on Prescott Road in Columbia, South Carolina, to drink alcoholic beverages with a man he had met a couple of weeks previously.

---

[1] The Magistrate Judge reached the merits of Plaintiff's claims but also noted that Defendant is not a "person" subject to suit under 42 U.S.C. § 1983.

2

Plaintiff told the man and another person he knew only as Jay that he was involved in a federal law suit and expected to be awarded a large sum of money in the near future. Plaintiff offered to help his companions with their light bill in exchange for allowing him to spend time at the Prescott Road location. Plaintiff alleges he then was told he could not leave the location until he paid the men over $2,000. Plaintiff contends he was held against his will, struck on the head several times with a handgun and vacuum cleaner, and hit on the left arm with a shovel. Plaintiff further reported that the men had stolen a credit card with a value of $20.00, and that they had called his mother in an attempt to extort money from her. Plaintiff also reported that he had observed an AK-47 weapon inside the Prescott Road location

According to Plaintiff, he was able to escape the Prescott Road location on November 25, 2011. He ran to the intersection of Prescott Road and North Main Street in Columbia, South Carolina, and laid down in the road and began screaming for help. Emergency medical personnel were summoned to the scene and transported Plaintiff to a hospital emergency room. The Incident Report provides that the Reporting Officer observed a scratch on Plaintiff's left forearm.

On November 29, 2011, Investigator Tanner contacted Plaintiff and requested he come to the Sheriff's Department to give a statement. Tanner told Plaintiff that, because Plaintiff's mother "had reported that '[Plaintiff] had some mental problems and that he is a known drug user' . . . and there seemed to be some discrepancies in [Plaintiff's] account of the incident," ECF No. 54-2, Plaintiff would be required to take a polygraph examination. Plaintiff refused Tanner's request because "I am disabled, suffering from post traumatic stress, therefore would not take the test because of penalty of failing the test is prosecution." ECF No. 30.

II. DISCUSSION

A.   Violation of Rights Under Fourteenth Amendment

Plaintiff contends that his due process rights were violated when "Investigator Tanner denied my right to gain justice as a victim, because I would not give the statement that I gave the day I called 911 through a lie detector." ECF No. 30, 3.

The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. Bd. of Regents v. Roth, 408 U.S. 564, 570 (1972). As applies in this case, a liberty interest "'denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized . . . as essential to the orderly pursuit of happiness by free men.'" Id. at 572 (quoting Meyer v. Nebraska, 262 U.S. 390, 399 (1923)). As stated by the Court of Appeals for the Fourth Circuit:

> In order to claim entitlement to the protections of the due process clause—either substantive or procedural—a plaintiff must first show that he has a constitutionally protected "liberty" or "property" interest, see Board of Regents v. Roth, 408 U.S. 564 [] (1972), and that he has been "deprived" of that protected interest by some form of "state action," see Daniels v. Williams, 474 U.S. 327 [] (1986). Unless there has been a "deprivation" by "state action," the question of what process is required and whether any provided could be adequate in the particular factual context is irrelevant, for the constitutional right to "due process" is simply not implicated.

Stone v. Univ. of Maryland Medical Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988).

The Magistrate Judge observed that Plaintiff possesses no cognizable constitutional right to institute a criminal prosecution. See Linda R.S. v. Richard D., 410 U.S. 614 (1973). In his

4

objections, Plaintiff states that he

> could not seek advocation of process of victimization through [Defendant], nor was I sought to be advocated to of rights through [Defendant]. Had [Defendant] done any investigational work at all into my victimization, I would at least have a chance of finding out my perpetrators *[sic]* full names. Investigators have address of where my victimization took place . . . . A subsequent line up from that address could have produced names. Names could have given rise to restitution in Civil Court.

ECF No. 73, 3.

The court disagrees that Plaintiff's allegations give rise to a claim under the Fourteenth Amendment. This is not a situation wherein a victim has been denied the exercise of his First Amendment right to file a legitimate criminal complaint. See Lott v. Andrews Center, 259 F. Supp. 2d 564 (E.D. Tex. 2003). Rather, Plaintiff seeks to force law enforcement to pursue his claim, despite Tanner's concerns regarding the reliability of Plaintiff's statement. Plaintiff's objection is without merit.

B.     Discrimination Under the ADA

Plaintiff contends that he was discriminated against because of his disability. According to Plaintiff, Defendant "does not customarily make victims who call 911 mandated to take lie detector testing to gain justice and service from these public servants." ECF No. 30, 4.

To establish a prima facie case under Title II of the ADA, Plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. Spencer v. Easter, 109 F. App'x 571, 573 (4th Cir. 2004) (citing cases).

The Magistrate Judge found that Plaintiff's amended complaint and subsequent pleadings

fail to provide sufficient factual allegations to state a plausible claim. In his objections, Plaintiff asserts that Tanner required him to take a polygraph examination because of his mental disability. According to Plaintiff, he was denied "fair treatment, or rather, normal treatment as people without disabilities get[,]" ECF No. 73, 3, that being the ability to provide a statement absent a polygraph examination. According to Plaintiff, Tanner told Plaintiff's mother that "people with mental health issues are notorious liars." Id.

The United States Supreme Court has held that a plaintiff must allege enough factual content in his complaint to render his legal claim for relief "plausible on its face." United States ex rel. Nathan v. Takeda Pharmaceuticals N.A., Inc., 707 F.3d 451, 455 (4th Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Facts that are "merely consistent with" liability do not establish a plausible claim to relief. Id. (citing Iqbal, 556 U.S. at 678). In this case, it is undisputed that Plaintiff's mother intimated to Tanner that Plaintiff's version of the facts was unreliable because of his mental disability and substance abuse. Further, Tanner noted inconsistencies in Plaintiff's account of the incident and, according to Plaintiff, considered Plaintiff's statement to be "concocted." See ECF No. 54-2, 4. The court agrees with the Magistrate Judge that the facts alleged by Plaintiff do not state a claim for relief. Plaintiff's objection is without merit.

C.     Equal Protection Claim

The Magistrate Judge also construed Plaintiff's amended complaint as raising a claim that his rights to equal protection were violated. A party can bring an equal protection claim by alleging that he has been intentionally treated differently from others similarly situated and that there is no rational basis to support the different treatment. Tri County Paving, Inc. v. Ashe County, 281 F.3d 430, 439 (4th Cir. 2002) (citing Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).

In his objections, Plaintiff contends that Tanner "lost sight of his primary objections which is to 'get' my perpetrators. Instead he focused on 'getting' me in a lie. This was intentional and purposeful discrimination and segregated treatment." ECF No. 73, 3. The court disagrees. There is no support in the record for a finding that Plaintiff was treated differently from any other victim that would be deemed unreliable because of a mental condition, substance abuse, and discrepancies in his statement to law enforcement officials employed by Defendant. Moreover, the court cannot say that requiring Plaintiff to undergo a polygraph examination was without a rational basis under the facts presented. Plaintiff's objection is without merit.

### III. CONCLUSION

For the reasons stated herein and in the Report and Recommendation, the court **grants** Defendant's motion for summary judgment (ECF No. 54). The court **denies** Plaintiff's motion for judgment on the pleadings (ECF No. 17) and motion for summary judgment (ECF No. 58).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 13, 2013